IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 1:15-00243-KD-B |
| | ) | Civil Action No. 1:20-00043-KD |
| CORY ELLIS EASLEY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This matter is before the Court on Defendant Cory Ellis Easley's *pro se*[1] Motion to Vacate pursuant to 28 U.S.C. § 2255 and memorandum in support of same (Docs. 53, 53-1); the United States' Response (Doc. 57); and Defendant's Reply (Docs. 72, 73).[2]

**I.    Background**

On October 25, 2015, a federal grand jury charged Defendant Cory Ellis Easley (Easley) with violating 18 U.S.C. § 922(g) (Count One) in a single count indictment. (Doc. 1). The indictment read:

> On or about September 7, 2015, in the Southern District of Alabama, Southern Division, CORY ELLIS EASLEY, having been convicted of a crime punishable by imprisonment for a term exceeding one (1) year, namely, possession of a controlled substance, on July 8, 2013, in the Circuit Court of Washington Country, Florida, case number 12000113CFMA, did knowingly possess, in and affecting commerce, a firearm, namely, a Glock 17 9mm semi-automatic pistol, serial number BVR621US. In violation of Title 18, United States Code, Section 922(g)(1).

---

[1] Easley is a federal prisoner proceeding *pro se*. "[C]ourts should construe a habeas petition filed pro se more liberally...." See, e.g., Gunn v. Newsome, 881 F.2d 949, 961 (11th Cir. 1989).

[2] Documents 72 and 73 differ in layout and spacing, resulting in differing paginations but the substance of the replies are the same. Compare (Doc. 72) with (Doc. 73).

1

(Doc. 1 at 1). Easley pled guilty January 19, 2016. (Doc. 29; Doc. 26 (plea agreement)). He was sentenced to 120 months as to Count One with credit for time served, three years of supervised release, and restitution in the amount of $8,501.88. (Doc. 48).

On January 21, 2020,[3] Easley moved to vacate, set aside, or correct his sentence. (Docs. 53, 53-1). Therein, Easley states he "wishes to raise two claims and one question in his § 2255 motion in light of the United States Supreme Court recent holding in [Rehaif v. United States, 139 S.Ct. 2191 (2019)." (Doc. 53-1 at 5). Easley asserts that his conviction and sentence must be vacated in light of Rehaif because the district court lacked subject matter jurisdiction to hear his case, his plea was not knowing and voluntary, and because his indictment was defective/insufficient. See generally (Docs. 53, 53-1).

The United States responds that the Court should deny Easley's motion contending the district court had jurisdiction to hear Easley's case and asserting Easley's remaining claims are procedurally defaulted. (Doc. 57 at 7-8). Even still, per the United States, Easley's claims would still fail because Easley cannot show plain error. (Id. at 8).

## II. Legal Standard

Pursuant to Title 28, United States Code, Section 2255, a person in federal custody may move to vacate, set aside, or correct his sentence. Section 2255 permits such collateral challenges in four circumstances: (1) the imposed sentence violated the Constitution or the laws of the United States; (2) the court exceeded its jurisdiction to impose the sentence; (3) the imposed sentence exceeded the maximum authorized by law; or (4) the imposed sentence is otherwise subject to

---

[3] Although Easley's pro se Section 2255 motion was filed in the District Court for the Southern District of Alabama January 27, 2020, under the "mailbox rule" it is deemed filed on the date that he delivered it to the prison authorities for mailing—presumably January 21, 2020. See e.g., (Doc. 53-1 at 21). Jones v. U.S., 304 F.3d 1035, 1038 n. 7 (11th Cir. 2002).

collateral attack. See 28 U.S.C. § 2255. See also McKay v. United States, 657 F.3d 1190, 1194, n.8 (11th Cir. 2011). "Only jurisdictional claims, constitutional claims, and claims of error that are so fundamentally defective as to cause a complete miscarriage of justice will warrant relief through collateral attack." Eddie Lee Battles v. United States, 2020 WL 5407682, *3 (M.D. Fla. Sept. 9, 2020) (citing United States v. Addonizio, 442 U.S. 178, 184-86 (1979)). If a court determines it imposed a sentence in violation of Section 2255, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). The movant, not the government, bears the burden to establish that vacatur of the conviction or sentence is required. Beeman v. United States, 871 F.3d 1215, 1221-22 (11th Cir. 2017).

A motion under § 2255 is not a substitute for direct appeal, and issues which could have been raised on direct appeal are generally not actionable in a § 2255 motion and will be considered procedurally barred. Massaro v. United States, 538 U.S. 500, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003). When a defendant has procedurally defaulted on his claim, he is barred from collaterally attacking his conviction in federal court unless he can demonstrate either "cause" and actual "prejudice," or that he is "actually innocent." Bousley, 523 U.S. at 622, 118 S.Ct. 1604.

Cause sufficient to excuse a procedural default "ordinarily requires a showing of some external impediment preventing counsel from constructing or raising the claim." Murray v. Carrier, 477 U.S. 478, 492, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). Mere inadvertence or neglect does not constitute good cause. Cf. Prisco v. Frank, 929 F.2d 603, 604 (11th Cir. 1991). To show actual prejudice, the movant must demonstrate not "merely that the errors [before the trial court] created a *possibility* of prejudice, but that they worked to her *actual* and substantial disadvantage, infecting

[the entire trial court proceeding] with error of constitutional dimensions." Frady, 456 U.S. at 170, 102 S.Ct. 1584.

In the context of overcoming a procedural default, "actual innocence" means factual innocence, and "[t]o establish actual innocence, the petitioner must demonstrate that, 'in light of all the evidence,' 'it is more likely than not that no reasonable juror [would have] convicted him.'" Bousley, 523 U.S. at 623, 118 S.Ct. 1604 (quoting Schlup v. Delo, 513 U.S. 298, 327–28, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)).

And, a defendant is procedurally barred from raising arguments in a motion to vacate which he has already raised and that have been rejected on direct appeal. Stoufflet v. U.S., 757 F.3d 1236, 1239 (11th Cir. 2014). And see Felix v. United States, 2020 WL 773476, at *1 (11th Cir. 2020) (citing same). "[A] claim that was rejected on appeal does not merit rehearing on a §2255 motion when based on a different, but previously available, legal theory." Posa v. United States, 2017 WL 8800980, at *2 (11th Cir. 2017) (citing United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000)). But, a defendant can overcome this procedural bar to relitigation if his new claim is based on an intervening change in substantive law. Davis v. United States, 417 U.S. 333, 342 (1974) ("[E]ven though the legal issue raised in a § 2255 motion was determined against the applicant on the merits on [direct appeal], the applicant may nevertheless be entitled to [collateral review on the legal issue] *upon showing an intervening change in the law.*" (emphasis added) (alteration and quotation marks omitted)).

### III. Discussion

#### A. *Rehaif v. United States*, 139 S.Ct. 2191 (2019)

Easley's claims stem from the recent United States Supreme Court decision in Rehaif v. United States, 139 S.Ct. 2191 (2019). The Court in Rehaif "held that to secure a felon-in-

possession conviction under 18 U.S.C. §§ 922(g) and 924(a)(2), the government must prove not only that the defendant knew he possessed a firearm or ammunition, but also that he knew 'of his status as a person barred from possessing a firearm' or ammunition." United States v. Morales, 987 F.3d 966, 978 (11th Cir. 2021) (citing Rehaif, 139 S.Ct. at 2195)). Rehaif did not announce a new rule of constitutional law, rather, it clarified the statutory elements for prosecution pursuant to 18 U.S.C. § 922(g). See In re Palacios, 931 F.3d 1314, 1315 (11th Cir. 2019); see also In re Price, 964 F.3d 1045, 1049 (11th Cir. 2020) ("Rehaif did not announce a new rule of constitutional law"); In re Wright, 942 F.3d 1063, 1065 (11th Cir. 2019) (same).

Easley was indicted in 2015 and plead guilty in 2016, prior to Rehaif. See generally (Docs. 1, 29). Easley's indictment did not allege that he knew of his status as a member of a class of persons prohibited from possessing firearms and ammunition (namely that he knew he had been convicted of a crime punishable by imprisonment for a term greater than one year). See generally (Doc. 1).

### B. Jurisdictional defect

As a threshold matter, Easley asserts that in light of Rehaif, "his indictment was defective in failing to allege explicitly that he knew he was a prohibited persons allowed to possess a firearm, and that this purported defect deprived the district court of jurisdiction and requires dismissal of the indictment." (Doc. 53-1 at 6). So, per Easley, because his indictment lacked the *mens rea* element announced in Rehaif, the indictment failed to allege a federal offense. (Id. at 5). Thus, Easley contends the district court did not have subject matter jurisdiction to hear his case. (Id.). Easley also asserts that "Rehaif clarified that there is no prosecutable, stand-alone violation of § 922(g)(1). Rather, a valid 'prosecution' under United States law must be brought under [both] 18 U.S.C. §§ 922(g)(1) and 924(a)(2)." (Doc. 53-1 at 14) (citing Rehaif, 139 S.Ct. at 2200). Easley

continues that Section 924(g) "is not self-executing; it does not itself penalize felons for unlawful firearm possession." (Id.). So, according to Easley, Section 924(a)(2) sets forth an "offense against the laws of the United States" over which the district court would have jurisdiction; but, Section 922(g) alone does not. (Id.). According to the United States, even where the indictment fails to allege the *mens rea* element, the district court has jurisdiction to hear the case so long as the indictment charges a federal statute. (Doc. 57 at 9).

"Subject-matter jurisdiction defines the court's authority to hear a given type of case," and that "Congress bestows that authority on lower courts by statute.*"* Alikhani v. United States, 200 F.3d 732, 734 (11th Cir. 2000). "For federal crimes, Congress did so in 18 U.S.C. § 3231, providing district courts with 'original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.'" U.S. v. Brown, 752 F.3d 1344, 1348 (11th Cir. 2014) (citing 18 U.S.C. § 3231). "Subject-matter jurisdiction can never be waived or forfeited." Gonzalez v. Thaler, 565 U.S. 134, 141 (2012). "While an indictment's omission of an element of an offense does not strip the district court of jurisdiction,…the district court would lack subject matter jurisdiction if the indictment failed to charge conduct that amounts to an offense against the laws of the United States…" United States v. Morales, 987 F.3d 966, 978-79 (11th Cir. 2021) (citing Brown, 752 F.3d at 1353-54 and United States v. Moore, 954 F.3d 1322, 1333 (11th Cir. 2020)) (internal citations omitted).

The Eleventh Circuit recently addressed an argument similar to Easley's in United States v. Morales, 987 F.3d 966, 978-79 (11th Cir. 2021). There, the defendant also alleged "that the omission of the knowledge-of-status requirement caused the indictment to fail to charge a federal criminal offense, thereby depriving the district court of subject matter jurisdiction." Id. at 978.

And, the defendant contended "Rehaif rendered Section 922(g) a non-self executing provision that does not itself define a federal offense." Id. There, the Eleventh Circuit reasoned:

> Three recent decisions of this Court foreclose Morales's argument. In United States v. Moore, we rejected the defendants' argument that "because their indictments failed to allege their knowledge of their felon status, the indictment failed to allege a crime, depriving the district court of jurisdiction." 954 F.3d at 1332. Like Morales's indictment, the defendants' indictments cited and tracked the text of § 922(g)(1) but did not cite § 924(a)(2) or mention the knowledge-of-status element. Id. at 1332–33 ("DERRICK MILLER and BERNARD MOORE, having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm and ammunition in and affecting interstate and foreign commerce, in violation of Title 18, United States Code, Section 922(g)(1).") We read Rehaif to have interpreted § 922(g) itself as including a knowledge-of-status element, not as having held that § 922(g) is a non-criminal provision that § 924(a)(2) incorporates to create a criminal offense. Id. at 1333.
>
> After reviewing the case law on indictment defects, we identified a distinction between cases in which the indictment affirmatively alleges conduct that is not a crime and cases in which the indictment merely omits an element of a valid offense. "Ultimately," we concluded, "the law is clear: the omission of an element in an indictment does not deprive the district court of subject matter jurisdiction. A defective indictment only affects jurisdiction when it fails to allege an offense against the United States. So long as the conduct described in the indictment is a criminal offense, the mere omission of an element does not vitiate jurisdiction." Id. at 1336.
>
> Since the text of § 922(g) implies a knowledge-of-status element, an indictment that tracks this text sufficiently states a crime against the United States. Id. at 1333, 1336–37. The Moore indictment alleged violations of § 922(g), a criminal offense, so it was sufficient to confer subject matter jurisdiction. "Reading this knowledge requirement into the statute while also holding that indictments tracking the statute's text are insufficient would be incongruous. Although the government may be well advised to include such mens rea allegations in future indictments, that language is not required to establish jurisdiction." Id. at 1333.
>
> Our holding in Moore that an indictment materially similar to Morales's was not jurisdictionally deficient after Rehaif forecloses any holding that the district court lacked jurisdiction over Morales's case. See also United States v. McLellan, 958 F.3d 1110, 1118 (11th Cir. 2020) (relying on Moore to reject an argument that a § 922(g)(1) indictment was jurisdictionally defective because it failed to include a knowledge-of-status element and holding that "there is no jurisdictional defect if an indictment merely fails to include that the defendant *knowingly* committed the crime but otherwise clearly alleges the unlawful conduct that the defendant is

7

accused of committing"); United States v. Innocent, 977 F.3d 1077, 1084 (11th Cir. 2020) (relying on Moore and McClellan to reject an identical argument).

As detailed *supra*, Easley's indictment tracked the language of Section 922(g) and as such it sufficiently stated a crime against the United States. See generally (Doc. 1). Thus, the district court had subject matter jurisdiction to hear Easley's case.[4]

C. **Timeliness**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations for filing a § 2255 motion to vacate. 28 U.S.C. § 2255(f). The one-year period of limitations begins to run from the latest of four possible events:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

A federal criminal judgment that is not directly appealed becomes final for the purposes of Section 2255 when the time for filing a direct appeal expires. See e.g., Murphy v. United States, 654 F.3d 1303, 1307 (11th Cir. 2011). Easley's conviction became final July 24, 2017, fourteen days after this Court entered judgment. See Fed. R. Civ. P. 4(b)(1)(A). Thus, Easley had until July

---

[4] Easley cites to US v. Izurieta, 710 F.3d 1176, 1179 (11th Cir. 2013) in support of his contention that his indictment did not allege a federal offense. That case is distinguishable. There, the indictment was dismissed for lack of jurisdiction but the "law" at issue was 19 C.F.R. § 141.113(c). The court found that the regulation was not intended to be a "law" for criminal liability purposes.

8

24, 2018 to file this instant Section 2255 motion. As noted *supra*, Easley filed his motion to vacate January 21, 2020. (Doc. 53-1 at 21). Thus, his motion was not timely pursuant to Section 2255(f)(1). Similarly, Easley did not argue Section 2255(f)(2) applied to his case. "Further, [Easley's] motion was not timely under § 2255(f)(3) because Rehaif does not constitute a new right made retroactively applicable." Young v. United States, 2020 WL 4334037, at *1 (11th Cir. 2020) (citing In re Palacios, 931 F.3d 1314, 1315 (11th Cir. 2019)); Jones v. United States, 2020 WL 5045199, at *2 (S.D. Fla. Aug. 7, 2020) (same); McCullough v. United States, 2021 WL 279975, at *8 (M.D. Ala. Jan. 5, 2021), *report and recommendation adopted*, 2021 WL 279968 (M.D. Ala. Jan. 27, 2021) (same). And, his motion also was untimely under § 2255(f)(4) because the discovery of a new legal theory does not constitute a discoverable 'fact.'" Id. (citing Barreto-Barreto v. United States, 551 F.3d 95, 99 n.4 (11th Cir. 2008)). Finally, Easley did not argue that the time-bar should be equitably tolled. See Holland v. Florida, 560 U.S. 631, 649 (2010). So, Easley's motion is untimely and due to be dismissed as such.

    **D. <u>Guilty Plea Waives Non-Jurisdictional Defects</u>**

As stated above, a Rehaif defect is non-jurisdictional. Moore, 954 F.3d at 1334-37. And, "a defendant's voluntary guilty plea waives all jurisdictional defects in the proceedings against him." Marks v. United States, 834 Fed.Appx. 568, 569 (11th Cir. 2021). So, Easley's "voluntary guilty plea waived any challenge to his indictment under Rehaif" so long as his guilty plea was valid. Id. And see Carlyle v. United States, 836 Fed.Appx. 780, 782 (11th Cir. 2020) (Because a Rehaif defect is non-jurisdictional, Carlyle's unconditional guilty plea bars him from raising a Rehaif challenge to his indictment—assuming, of course, that his guilty plea was valid."). But, for the reasons discussed below, Easley cannot overcome the procedural bar regarding his challenge to the validity of his guilty plea.

### E. Procedural Default

Even if timely, Easley's claims are procedurally defaulted. In addition to his jurisdictional claims, Easley asserts this Court should vacate his conviction and sentence because the *mens rea* element was not mentioned in either the plea agreement or plea colloquy. Specifically, Easley contends "(1) his guilty plea did not accurately reflect this knowledge elements and prevented him from arguing that he did not know that he unlawfully possessed a firearm; (2) the government did not show that he knew that he was in a class of individuals prohibited from possessing a firearm, or that it was unlawful for him to possess a firearm;…and (4) he did not knowingly and voluntarily enter his guilty plea to Count One of the Indictment because he was not provided with real notice of the nature of the charges against him, thereby violating his due process rights." (Doc. 53-1 at 7). Easley asserts that because his indictment did not accurately set out this knowledge element, it failed to notify him of the charges against him. (Id. at 7, 10).

The United States responds that the "Court should reject those claims on the basis that they are procedurally defaulted." (Doc. 57 at 11). More specifically, per the United States, Easley did not raise these issues on direct appeal and he cannot show cause or prejudice necessary to overcome this procedural bar. (Id. at 12). relief

"[A] defendant generally must advance an available challenge to a criminal conviction on direct appeal or else the defendant is barred from raising that claim in a habeas proceeding." Granda v. United States, 990 F.3d 1272, 1286 (11th Cir. 2021) (internal citations omitted) (quoting Fordham v. United States, 706 F.3d 1345, 1349 (11th Cir. 2013)). Claims that are procedurally defaulted and cannot succeed on collateral review unless Easley can either (1) show cause to excuse the default and actual prejudice from the claimed error, or (2) show that he is actually innocent of the conviction. Bousley v. United States, 523 U.S. 614, 622 (1998). Easley does not

allege that he is actually innocent; thus, to overcome this procedural bar he must show cause and actual prejudice.

"'[C]ause' excusing the procedural default must result from some objective factor external to the defense that prevented the prisoner from raising the claim and which cannot be fairly attributable to his own conduct." McCoy v. Newsome, 953 F.2d 1252, 1258 (11th Cir. 1992) (per curiam) (citation omitted). Cause can be demonstrated where a "'claim is so novel that its legal basis is not reasonably available to counsel[.]'" Bousley, 523 U.S. at 622-23 (citing Reed v. Ross, 468 U.S. 1, 16 (1984)). "In contrast, a claim is not novel when counsel made a conscious choice not to pursue the claim on direct appeal because of perceived futility, or when the building blocks of the claim were available to counsel." Bane, 948 F.3d at 1297.

Easley argues Rehaif was decided after his conviction became final; thus, Rehaif claims were not available to him on direct appeal. (Doc. 72 at 16). But, "Rehaif was not 'truly novel' in the sense necessary to excuse procedural default." United States v. Innocent, 977 F.3d 1077, 1084 (11th Cir. 2020). As other courts in this district have found, "the question presented in Rehaif has been thoroughly and repeatedly litigated in the courts of appeals for decades, and as such, it does not qualify under the novelty exception" to the procedural default rule. See Anderson v. United States, 2020 WL 5803327, at *3 (S.D. Fla. Sept. 8, 2020) (citing Dawkins v. United States, 2020 WL 4936978, at *3 (S.D. Fla. Aug. 24, 2020)). And, to the extent Easley is claiming it would have been futile to raise this claim on direct appeal, his contention still fails. "[F]utility cannot constitute cause if it means simply that a claim was 'unacceptable to that particular court at that particular time.'" Bousley, 523 U.S. at 623.

Even if Easley could establish cause, he cannot meet the actual prejudice standard. To establish actual prejudice, he must show that the error worked to his "actual and substantial

disadvantage," not merely "the possibility of prejudice." United States v. Bane, 948 F.3d 1290, 1296 (11th Cir. 2020). Plus, "[t]he governments obligation to prove knowledge is not 'burdensome,' and it may be inferred from circumstantial evidence." Carlyle v. United States, 836 Fed.Appx. 780, 783 (11th Cir. 2020) (citing Rehaif, 139 S.Ct. at 2198). The record here contains sufficient evidence to establish knowledge. Easley stipulated to his felony status. He also did not object to the statements in the presentence investigation report outlining his criminal history which shows, in part, that he served multiple prison sentences exceeding one year. "For these reasons, had [Easley] been informed that the government needed to prove the knowledge-of-status element, the record amply supports the conclusion that the government would have been able to make that showing, and it contains no evidence that [Easley] would have decided not to plead guilty in light of that circumstance." Carlyle, 836 Fed.Appx. at 783.

"[O]vercoming the procedural default bar requires both cause *and* prejudice, not one or the other." Bane, 948 F.3d at 1297. "So [Easley's] failure to establish [actual prejudice] is fatal, as is [his] failure to make an argument about [cause] or prejudice until [his] reply brief[]." Id.

F. **Merits of Non-Jurisdictional Claims**

Even if Easley's non-jurisdictional claims were timely and not procedurally barred, his claims are unavailing under the applicable plain error standard of review for the reasons set forth in the United States brief. See (Doc. 57 at 13-19). And see United States v. Reed, 941 F.3d 1018, 1020 (11th Cir. 2019) (applying plain error review to Rehaif indictment claim); United States v. Cotton, 535 U.S. 625, 631 (2002) (applying plain error review to claim of deficient indictment). Under the plain-error standard, Easley must show "(1) an error has occurred, (2) the error was plain, and (3) the error affected substantial rights." United States v. Gonzalaz, 834 F.3d 1206, 1218

12

(11th Cir. 2016) (citing United States v. Williams, 527 F.3d 1235, 1240 (11th Cir. 2008)).[5] "For plain errors, the defendant bears the burden of persuasion that an error affecting substantial rights has occurred." Id. (citing Williams, 527 F.3d at 1240 and United States v. Rodriguez, 398 F.3d 1291, 1299 (11th Cir. 2005)).

Under Rehaif, an indictment must allege the knowledge-of-status element of the offense, and a district court must advise a defendant pleading guilty that the United States has the burden to prove this element. See Innocent, 977 F.3d at 1082 (noting an indictment under § 922(g)(1) is "erroneous" if it does not include knowledge of felon status as an element of the crime); United States v. Thomas, 810 F. App'x 789, 797 (11th Cir. 2020) ("[A]s *Rehaif* makes plain, the district court erred when it failed to advise [the defendant] during the plea colloquy that knowledge of his status as a felon at the time of his offense was an element of his §§ 922(g) and 924(a)(2) offense that the government must prove."). As noted *supra*, Easley's indictment did not allege knowledge of his status as a person barred from possessing a firearm. (Doc. 1). And, he was not advised of the United States' burden to prove his knowledge of his status during his plea colloquy.

Nevertheless, Easley cannot show it affected his substantial rights. Even though the indictment did not charge the knowledge-of-status element, it still informed him of the nature of the charges against him. See United States v. Woodruff, 296 F.3d 1041, 1046 (11th Cir. 2002) (holding a short and simple statement of the offense in the indictment notifies the defendant of the charges against him). And, as noted *supra*, the omission of the *mens rea* element was a non-jurisdictional defect.

Easley cites United States v. Martinez, 800 F.3d 1293 (11th Cir. 2015) in support of his contention that his indictment was deficient. (Doc. 53-1 at 12-14). The United States aptly

---

[5] An error is plain where it is "clear" or "obvious." United States v. Olano, 507 U.S. 725, 734 (1993).

13

describes how that case is distinguishable. (Doc. 57 at 16). The indictment in Martinez failed both to allege the *mens rea* element and failed to describe facts from which the defendant's intent could be inferred. Here, Easley's indictment specifically identifies a prior felony conviction from which an inference can be made that Easley knew his felony record. (Doc. 1 at 1) ("…on July 8, 2013, in the Circuit Court of Washington County, Florida, case number 12000113CFMA…" in which Easley "was convicted of a crime punishable by imprisonment for a term exceeding one (1) year…possession of a controlled substance…")).

Easley argues in part that his plea was involuntary because he did not know an essential element of the offense to which he pled. (Doc. 53-1 at 6-7). He contends that this failure invalidates his plea. (Id. at 6). But, Easley cannot show the plea proceedings substantially affected his rights. And, he cannot "satisfy his burden of proving a reasonable probability that he would have obtained a different result but for the error, Reed, 941 F.3d at 1021, because circumstantial evidence establishes that [he] knew of his felon status." Innocent, 977 F.3d at 1082. Easley stipulated in the factual resume, in a separate stipulation document, and admitted during the plea colloquy, that he had been convicted of possession of a controlled substance in a Florida court, a crime punishable by imprisonment for a term exceeding one year. (Docs. 25, 27). He also stipulated to, and admitted at the plea colloquy, that he possessed a firearm. (Id.). Moreover, Easley did not object to the presentence investigation report that outlines his lengthy criminal history; it also lists other crimes punishable by imprisonment for a term exceeding one year. "Most people convicted of a felony know that they are felons…Had the issue been contested at trial, [Easley's prior] felony convictions would have provided the government powerful evidence that he knew he was a felon." Innocent, 977 F.3d 1082 (internal citations omitted). Accord Greer v. United States, --- S.Ct. ----, 2021 WL 2405146, at*4-5 (June 14, 2021) ("demonstrating prejudice under Rehaif will be difficult

for most convicted felons for one simple reason: convicted felons typically know they're convicted felons.") (internal quotations omitted).

Thus, because the record before this Court provides "powerful evidence" that Easley knew he was a felon and that he possessed a firearm, he cannot demonstrate that the errors he cites affected his substantial rights or the fairness, integrity or public reputation of judicial proceedings. See Greer, --- S.Ct. ----, 2021 WL 2405146 at *2-3 (holding Rehaif error is not a basis for plain-error relief unless the defendant first makes a sufficient argument that he would have presented evidence at trial that he did not know he was in fact a felon). See, e.g., United States v. Johnson, 805 Fed.Appx. 740, 743 (11th Cir. 2020) cert., denied, ––– U.S. –––, 141 S.Ct. 148, 207 L.Ed.2d 1088 (2020) (finding defendant could not show that error[s] affected his substantial rights where "indictment alleged he had four prior felony convictions, he stipulated before trial that he was a felon, and he admitted at sentencing that he had been convicted of multiple felony offenses for which he served lengthy terms in prison before possessing the firearm."); and see United States v. Reed, 941 F.3d 1018, 1022 (11th Cir. 2019) (finding that where the record clearly demonstrates that it would be implausible for the defendant to not have been aware of his felony status, a Rehaif error does not affect his substantial rights).

## IV. Certificate of Appealability

Rule 11(a) of the Federal Rules Governing Section 2255 Proceedings requires this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from… the final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1)(B). And see United States v. Taylor, 2019 WL 1319277, *1 (N.D. Fla. March 22, 2019) ("A defendant may appeal the denial of a § motion only if the district court or court of appeals

issues a certificate of appealability."). Pursuant to 28 U.S.C. 2253(c)(2) "[a] certificate of appealability may issue…only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2).

Where, a habeas petition is being denied in part on procedural grounds without reaching the merits of the an underlying constitutional claim, the movant must show that reasonable jurists would debate (1) whether the motion states a valid claim of the denial of a constitutional right, and (2) whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). Where a habeas petition is being denied on the merits of an underlying constitutional claim, a certificate of appealability should be issued only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under Barefoot [v. Estelle, 463 U.S. 880, 893 (1983)], includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further[ ]") (internal quotation marks omitted). Accord Miller–El v. Cockrell, 537 U.S. 322, 336 (2003).

Easley's petition does not warrant the issuance of a certificate of appealability because his claims are either not cognizable on collateral review, they are untimely, procedurally barred, or meritless. McKay v. United States, 657 F.3d 1190, 1196 (11th Cir. 2011). Under the facts of this case, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant Petition or that Easley should be allowed to proceed further. Slack, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or

that the petitioner should be allowed to proceed further[ ]"). Accordingly, the undersigned concludes that no reasonable jurist could find it debatable whether Easley's petition should be dismissed and as a result, he is not entitled to a certificate of appealability.

V.      *In Forma Pauperis*

"An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). A district court's finding:

> that an appeal would not be in good faith because no certificate of appealability had been issued . . . is not enough to explain why the appeal on the merits would not be in good faith, because the standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether an appeal is in good faith. It is more demanding . . . [T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit.

Walker v. O'Brien, 216 F.3d 626, 631-32 (7th Cir. 2000). And see Ghee v. Retailers Nat'l Bank, 271 Fed.Appx. 858, 859-60 (11th Cir. 2008) (citing Coppedge v. United States, 369 U.S. 438, 445 (1962) (finding that a "party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard," and noting that a non-frivolous claim is one "capable of being convincingly argued," so that "where a claim is arguable, but ultimately will be unsuccessful, it should be allowed to proceed") (internal quotations omitted)); DeSantis v. United Techs, Corp., 15 F.Supp.2d 1285, 1288-89 (M.D. Fla. 1998) (stating that good faith 'must be judged by an objective, not a subjective, standard' and that an appellant 'demonstrates good faith when he seeks appellate review of any issue that is not frivolous'), *aff'd*, 193 F.3d 522 (11th Cir. 1999).

"An appeal is not taken in good faith if it is plainly frivolous." Johnson v. Thomas, 2005 WL 3005545, *1 (S.D. Ala. November 8, 2005); Busch v. County of Volusia, 189 F.R.D. 687, 692 (M.D. Fla. Dec. 16, 1999) ("The Petitioner demonstrates good faith when she seeks appellate

17

review of any issue that is not frivolous."). An appeal filed *in forma pauperis* is frivolous if "it appears that the Plaintiff has little to no chance of success," meaning the "factual allegations are clearly baseless or that the legal theories are indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). But see, e.g., United States v. McCray, Nos. 4:07cr20-RH, 2012 WL 1155471, *2 (N.D. Fla. Apr. 5, 2012) ("Because the defendant has not obtained—and is not entitled to—a certificate of appealability, any appeal by the defendant will not be taken in good faith. I certify under Federal Rule of Appellate Procedure 24(a) that any appeal will not be taken in good faith and that the defendant is not otherwise entitled to proceed *in forma pauperis* on appeal[]").

In consideration of the issues addressed herein, the Court finds and certifies that any appeal by Easley in this action would be without merit and therefore not taken in good faith. Accordingly, he is not entitled to appeal *in forma pauperis*.

**VI.     Conclusion**

For the reasons stated herein, Defendant's Motion to Vacate pursuant to 28 U.S.C. § 2255 (Doc. 53) is **DENIED**; Easley is not entitled to the issuance of a certificate of appealability, and he is not entitled to proceed *in forma pauperis*.

**DONE** and **ORDERED** this the **28th** day of **June 2021.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**