IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | )   Criminal Action No. 15-00243-KD |
| | ) |
| CORY ELLIS EASLEY, | ) |
| | ) |
| Defendant. | ) |

### ORDER

This action is before the Court on Defendant Cory Ellis Easley's motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A) and documents in support (doc. 78) and the United States' response in opposition (doc. 80). Upon consideration, and for the reasons set forth herein, the motion is DENIED.

Once a sentence is imposed, the "authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010); United States v. Shaw, 711 Fed. Appx. 552, 554-55 (11th Cir. 2017) (same). Specifically, the district court may not modify a term of imprisonment once it has been imposed except as set out in 18 U.S.C. § 3582(c). See United States v. Pubien, 805 Fed. Appx. 727, 729 (11th Cir. Feb. 25, 2020). In relevant part, 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018, provides that the district court "upon motion of the defendant after the defendant" has met certain statutory prerequisites,[1] "may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the [applicable] factors set forth in 18 U.S.C. § 3553(a)", if the district court finds that "extraordinary and compelling reasons warrant

---

[1] Easley exhausted his administrative remedies (doc. 78, p. 3).

such a reduction" and the reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

"Extraordinary and compelling" reasons are not defined in the statute. 18 U.S.C. § 3582(c)(1)(A). Instead, Congress gave the Sentencing Commission the duty to promulgate general policy statements regarding sentence modifications pursuant to 18 U.S.C. § 3582(c)(1)(A) and stated that the Commission "shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). The applicable Policy Statement is found at U.S.S.G. § 1B1.13 (effective November 1, 2023).

Easley alleges that he should be released to care for his father. He argues that he is the only available caregiver. The Policy Statement provides that the "incapacitation of the defendant's parent" may be an extraordinary and compelling reason for a reduction of sentence "when the defendant would be the only available caregiver for the parent." U.S.S.G. § 1B1.13(b)(3)(C). However, as the United States points out, Easley has not provided any medical documentation to support his argument that his father is incapacitated. And he has not provided any evidence that he is the only caregiver available. Thus, Easley has failed to establish an extraordinary and compelling reason for a reduction of sentence. Since no extraordinary and compelling reason exists, the Court need not address whether the sentencing factors in 18 U.S.C. § 3553(a) weigh in favor of a reduction in sentence or consider the factors in 18 U.S.C. § 3142(g) to determine whether Easley's early release would create a danger to the community. See United States v. Giron, 15 F. 4th 1343, 1347 (11th Cir. 2021).

**DONE** and **ORDERED** this 29th day of March 2024.

                                                 s / Kristi K. DuBose
                                                 **KRISTI K. DuBOSE**
                                                 **UNITED STATES DISTRICT JUDGE**